**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

GEORGE E. BROWN, JR.,        )
       )
       Plaintiff,        )
       )
       )        No. 1:17CV00026 AGF
       )
BOBBY PENROD and JANE DOE,        )
       )
       )
       Defendants.        )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff George E. Brown's motion (ECF No. 19) for summary judgment filed on August 7, 2017. Defendant Bobby Penrod has filed a response in opposition asserting, in part, that Plaintiff's statement of uncontroverted material facts does not comply with Rule 56(c) of the Federal Rules of Civil Procedure. Penrod has also filed a separate motion (ECF No. 23) to strike Plaintiff's statement of material facts for this same deficiency. For the reasons set forth below, the Court will deny Plaintiff's motion for summary judgment without prejudice, and deny Penrod's motion to strike as moot.

## BACKGROUND

Plaintiff filed this action *pro se* in state court on October 12, 2016, alleging that Defendants Penrod and Jane Doe violated his Fourth Amendment rights and rights under the Missouri Constitution by conducting two searches of Plaintiff's residence. In his complaint, Plaintiff claims that Doe worked as a confidential informant for Penrod, a

police detective with the City of Sikeston, Missouri.  Plaintiff contends that Penrod sent

Doe into Plaintiff's residence on February 28, 2015, and March 14, 2015, and instructed

her to search for drugs.  Plaintiff asserts that the search of his residence was made

illegally, without a warrant, and without probable cause.

On February 8, 2017, Penrod removed the action to federal court based on federal

question jurisdiction.  On August 7, 2017, Plaintiff filed a motion for summary judgment,

memorandum in support, and statement of uncontroverted facts in a single document.

Plaintiff's statement of uncontroverted facts contains six paragraphs with no citations to

any materials in the record.

## DISCUSSION

Rule 56 of the Federal Rules of Civil Procedure provides in relevant part:

> A party asserting that a fact cannot be or is genuinely disputed must support
> the assertion by . . . citing to particular parts of materials in the record,
> including depositions, documents, electronically stored information,
> affidavits or declarations, stipulations (including those made for purposes
> of the motion only), admissions, interrogatory answers, or other materials;

Fed. R. Civ. P. 56(c)(1)(A).  Further, under Rule 4.01 of the Local Rules of this Court,

"[a] memorandum in support of a motion for summary judgment shall have attached a

statement of uncontroverted material facts, set forth in a separately numbered paragraph

for each fact, indicating whether each fact is established by the record, and, if so, the

appropriate citations."  E.D. Mo. L.R. 4.01(E).

In the instant case, Plaintiff's statement of material facts fails to comply with the

Federal Rules of Civil Procedure and with this Court's Local Rules.  These are more than

technical violations.  Without citation to the record, the Court is unable to ascertain

whether Plaintiff's allegations are supported by admissible evidence.  The Court notes that "[a] pro se litigant is bound by the litigation rules as is a lawyer . . . ." *See Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000); *see also Escobar v. Cross*, No. 4:12CV00023-JJV, 2013 WL 709113, at *1 (E.D. Ark. Feb. 27, 2013) ("Pro se litigants are required to follow the same rules of procedure, including the local court rules, that govern other litigants.").  Local rules pertaining to motions for summary judgment exist "to prevent a district court from engaging in the proverbial search for a needle in the haystack."  *Nw. Bank & Tr. Co. v. First Ill. Nat'l Bank*, 354 F.3d 721, 725 (8th Cir. 2003).

However, because Plaintiff is proceeding *pro se*, the Court will deny Plaintiff's motion without prejudice and allow him to re-file the summary judgment motion in compliance with federal and local rules.  *See, e.g., Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, 1033 (8th Cir. 2007) (noting that the district court gave the plaintiff ample opportunity to correct Rule 56.1 deficiencies in her response to the defendant's statement of undisputed facts).  The denial of Plaintiff's motion for summary judgment renders moot Penrod's motion to strike Plaintiff's statement of facts.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff George E. Brown's motion for summary judgment filed on August 7, 2017, is **DENIED** without prejudice.  (ECF No. 19.)

**IT IS FURTHER ORDERED** that, should Plaintiff choose to re-file his motion for summary judgment, he must file such motion within thirty (30) days of the date of this Memorandum and Order.

**IT IS FINALLY ORDERED** that Defendant Bobby Penrod's motion to strike Plaintiff's statement of facts is **DENIED** as **MOOT.** (ECF No. 23.)

Dated this 14th day of February, 2018.

_____
**AUDREY G. FLEISSIG**
**UNITED STATES DISTRICT JUDGE**