UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GEORGE E. BROWN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17CV00026 AGF |
| | ) | |
| BOBBY PENROD and JANE DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This action is brought pro se by Plaintiff George E. Brown, Jr., under 42 U.S.C. § 1983 against Defendants Bobby Penrod, a police officer for the City of Sikeston, Missouri; and Jane Doe, a private citizen and alleged confidential informant for Penrod. Plaintiff seeks actual and punitive damages for the violation of his federal and Missouri constitutional rights by two nonconsensual searches of his residence by Doe, who Plaintiff alleges was acting as Penrod's agent in conducting the searches. The action is before the Court on Penrod's and Plaintiff's cross motions for summary judgment. Doe has been dismissed without prejudice from the action due to Plaintiff's failure to obtain service on her. For the reasons set forth below, Plaintiff's motion will be denied; and Penrod's motion will be granted.

## BACKGROUND

Penrod argues that the uncontroverted admissible evidence demonstrates that Doe was not a governmental agent and, thus, that any search she performed of Plaintiff's residence did not violate Plaintiff's Fourth Amendment rights. Penrod argues further that

he is entitled to qualified immunity on the claim against him in his individual capacity because a reasonable law enforcement officer in the same circumstances would not have understood that the confidential informant in this case was a governmental agent or that any of the confidential informant's actions would have violated Plaintiff's Fourth Amendment rights. Penrod argues that the claim against him in his official capacity fails because Plaintiff has not shown that any constitutional violation was the result of a policy or custom of the City of Sikeston. Lastly, Penrod argues that there exists no right of action under the Missouri constitution.

In support of his motion for summary judgment, Penrod submits his affidavit dated September 8, 2017, in which he attests to the following: In late February or early March 2015, Doe contacted him and told him that Plaintiff was selling cocaine and methamphetamine and had an ounce of cocaine in the attic of his (Plaintiff's) house and a large amount of methamphetamine in the house. Penrod did not initiate this contact, but thereafter, on March 14, 2015, he contacted Doe, and Doe told him that she had seen crack cocaine and methamphetamine earlier that day at Plaintiff's house. Penrod attests that he never asked or instructed Doe to enter Plaintiff's house or to look for drugs or illegal items or activity in the house, and he did not know that she was going to do so until after she already did it. ECF No. 29-1.

In opposition to Penrod's motion for summary judgment, and in support of Plaintiff's own motion for summary judgment, Plaintiff submits his affidavit dated September 25, 2017, attesting that in late December of 2014 to early January 2015, Doe told him that Penrod had contacted her and instructed her to "get into" Plaintiff's

2

residence and find out "what was in there" because he (Penrod) "was looking for drugs and he wanted plaintiff." ECF No. 32.  Plaintiff attested further that at no time did he give Doe permission to enter his house.

Plaintiff also relies on Penrod's testimony at a February 19, 2016 hearing on Plaintiff's motion to suppress evidence in the context of a criminal case against Plaintiff for possession on March 14, 2015, with intent to distribute methamphetamine and cocaine base, *United States v. Brown*, No. 1:15CR00063 AGF ("*Brown*").  Plaintiff argues that Pernrod's testimony suggests that he initiated the contact with his confidential informant regarding searching Plaintiff's residence, before the informant conducted the searches.

The Court takes judicial notice of the following, related to *Brown*: On May 21, 2015, Plaintiff was charged with possession of drugs that were discovered during a traffic stop on March 14, 2015.  At the suppression hearing noted above, Penrod testified that in February 2015, he had received information that Petitioner was keeping narcotics at his (Petitioner's) residence and would go out to deliver them.  *Brown*, EFC No. 110 at 28, 44-48.  Penrod further testified that after the traffic stop, an officer working with Penrod applied for a search warrant of Plaintiff's residence.  Penrod testified that prior to that, Penrod had called a confidential informant who told him there were drugs in the attic of Plaintiff's residence, information Penrod relayed to the other officer.  *Id*. at 37, 44-45.  Penrod testified that after the warrant was obtained, a search of the residence revealed drugs "that matched exactly what the informant and the other person that called me prior told me."  *Id*. at 38.

3

The Magistrate Judge who presided over the hearing found that in February 2015, Penrod received a call from an informant who told Penrod that Plaintiff had drugs in the attic of his residence; and that before applying for the search warrant for the residence, Penrod called the informant for "fresher" information about the residence and was told by the informant that the informant had been in Plaintiff's residence that day and seen drugs there. ECF No. 117 at 6-7. The magistrate judge found that the search warrant was supported by probable cause. *Id.* at 12-15. The District Court adopted the Magistrate Judge's findings and conclusions. On August 4, 2016, Petitioner pled guilty to the charged crimes, and he was sentenced on November 2, 2016, to 70 months imprisonment on each count to run concurrently.

## **DISCUSSION**

### **Summary Judgment Standard**

Federal Rules of Civil Procedure Rule 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, a court is required to view the facts in the light most favorable to the non-moving party. *Sokol & Assocs., Inc. v. Techsonic Indus., Inc.*, 495 F.3d 605, 610 (8th Cir. 2007). "[T]he burden of demonstrating that there are no genuine issues of material fact rests on the moving party," and the court must view "the evidence and the inferences that may be reasonably drawn [therefrom] in the light most favorable to the non-moving party." *Allard v. Baldwin*, 779 F.3d 768, 771 (8th Cir. 2015). "The nonmoving may not rely on allegations or denials, but must demonstrate the existence of

4

specific facts that create a genuine issue for trial . . . . The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (citations omitted).

"When an affidavit contains an out-of-court statement offered to prove the truth of the statement that is inadmissible hearsay, the statement may not be used to support or defeat a motion for summary judgment." *Brooks v. Tri–Sys., Inc.*, 425 F.3d 1109, 1111 (8th Cir. 2005); *see also Mason v. Corr. Med. Servs., Inc.*, 559 F.3d 880, 885 (8th Cir. 2009). Where, as here, a party objects to summary judgment evidence as inadmissible, "the burden is on the proponent of the evidence to show that the material is admissible as presented or to explain the admissible form that is anticipated." *Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 793 (8th Cir. 2012); *see also* Advisory Committee Notes to Rule 56(c)(2). The hearsay declarations of a purported agent cannot themselves be used to prove the fact of his or her agency or authority. Such agency or authority must be shown independently, for example, by testimony of the purported agent or another. *Jones v. Disc. Auto Parts, LLC*, No. 616CV138ORL37KRS, 2017 WL 1396477, at *5 (M.D. Fla. Apr. 19, 2017) (explaining that at the summary judgment stage of a case, "it is incumbent upon the party offering the hearsay statement to establish by independent evidence, either circumstantial or direct, that the scope of the declarant's agency included the subject matter of the statement.")

Although a pro se plaintiff is entitled to the benefit of a liberal construction of his pleadings, the standards for summary judgment under Rule 56 remain applicable. *Quam v. Minnehaha Cty. Jail*, 821 F.2d 522, 522 (8th Cir. 1987).

**Search by a Private Citizen**

Section 1983 provides a private cause of action against those who, under color of law, deprive a citizen of the United States of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The Fourth Amendment, applicable to the states through the Fourteenth Amendment, protects against unreasonable searches by governmental actors. "A search by a private citizen is not subject to the strictures of the Fourth Amendment unless that private citizen is acting as a government agent." *United States v. Smith*, 383 F.3d 700, 705 (8th Cir. 2004). The relevant factors in determining whether a private citizen is acting as a government agent are "(1) whether the government had knowledge of and acquiesced in the search; (2) whether the citizen intended to assist law enforcement agents or to further his own purposes; and (3) whether the citizen acted at the government's request." *United States v. Muhlenbruch*, 634 F.3d 987, 998 (8th Cir. 2011); *see also Comsys, Inc. v. City of Kenosha, Wis.*, 223 F. Supp. 3d 792, 812 (E.D. Wis. 2016) (section 1983 case).

Here, Penrod has met his burden of showing that there are no genuine issues of material fact as to these factors. Penrod's affidavit makes the required showing and this affidavit is uncontroverted in that Doe's statements reported in Plaintiff's affidavit are inadmissible hearsay, and Plaintiff has made no attempt to show an admissible form of this purported evidence that is anticipated. *See Traversie v. Starr*, No. 4:16-CV-04142-

KES, 2018 WL 626271, at *3 (D.S.D. Jan. 30, 2018) (granting summary judgment against a pro se plaintiff on claims that he only supported by hearsay evidence); *see also Jones v. McNeese*, 746 F.3d 887, 899 (8th Cir. 2014) (holding that a plaintiff's deposition testimony about third parties' statements to him about what the defendant said to him was "of no use to Plaintiffs in their efforts to defeat [the defendant's] summary judgment motion").

Nor has Plaintiff offered any evidence independent of Doe's hearsay statement that Doe acted as Penrod's agent in conducting the alleged illegal search. Penrod's testimony at the motion to suppress hearing does not constitute such evidence. In sum, Plaintiff has not presented enough admissible evidence to go forward on his unconstitutional search claim. Further, on this record, Penrod would be entitled to qualified immunity as, based on the undisputed facts, a reasonable law enforcement officer would not have understood the confidential informant to be a government agent.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that motion of Defendant Bobby Penrod for summary judgment is **GRANTED**. (ECF No. 27).

**IT IS FURTHER ORDERED** that the motion of Plaintiff George E. Brown for

summary judgment is **DENIED**. (ECF No. 41.)

A separate Judgment will accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of June 2018.