UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GEORGE E. BROWN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17CV00026 AGF |
| | ) | |
| BOBBY PENROD and JANE DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for reconsideration (ECF No. 58) of this Court's order (ECF No. 57) granting summary judgment in favor of Defendant Bobby Penrod. For the reasons set forth below, the motion will be denied.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 1983 alleging that Jane Doe, a private citizen, conducted two non-consensual searches of Plaintiff's residence acting as a confidential informant for Defendant Penrod, a Sikeston police officer. As more fully described in the Court's previous memorandum, in support of his motion for summary judgment, Penrod furnished an affidavit (ECF No. 22-1) stating that Doe was not acting as an agent of the government; rather, Doe took it upon herself to inform Penrod of her discovery of drugs in Plaintiff's house. Conversely, Plaintiff submitted an affidavit (ECF No. 41) stating that Doe told him that Penrod had contacted her and instructed her to search Plaintiff's house for drugs.

Penrod moved to strike Doe's statements in Plaintiff's affidavit on the basis of hearsay. ECF No. 33 and 44. This Court denied Penrod's motions to strike, reasoning that the statements were made by a party opponent and thus fell under the hearsay exception created by Fed. R. Evid. 801(d)(2). ECF No. 53. However, Defendant Doe was subsequently dismissed from the suit for lack of service. ECF No. 55.

On the parties' cross-motions for summary judgment, the Court ruled in favor of Penrod, finding the record insufficient to create a genuine issue of fact whether Doe was a government agent. The Court reasoned:

> When an affidavit contains an out-of-court statement offered to prove the truth of the statement that is inadmissible hearsay, the statement may not be used to support or defeat a motion for summary judgment. … The hearsay declarations of a purported agent cannot themselves be used to prove the fact of his or her agency or authority. Such agency or authority must be shown independently, for example, by testimony of the purported agent or another. … Doe's statements reported in Plaintiff's affidavit are inadmissible hearsay, and Plaintiff has made no attempt to show an admissible form of this purported evidence. … Nor has Plaintiff offered any evidence independent of Doe's hearsay statement that Doe acted as Penrod's agent in conducting the alleged illegal search. … Penrod's testimony at the motion to suppress hearing does not constitute such evidence. … Further, on this record, Penrod would be entitled to qualified immunity as, based on the undisputed facts, a reasonable law enforcement officer would not have understood the confidential informant to be a government agent.

*Brown v. Penrod*, 1:17CV00026 AGF, 2018 WL 2981332, at *3 (E.D. Mo. June 13, 2018). Plaintiff now asks the Court to reconsider its decision on the basis that Doe's statements were vicarious admissions under Fed. R. Evid. 801(d)(2)(D), which provides that a statement is not hearsay when it is offered against an opposing party and was made by the party's agent on a matter within the scope of that relationship.

# DISCUSSION

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Security Services, Inc.*, 627 F.3d 716, 721 (8th Cir. 2010). A motion for reconsideration is "not the appropriate place to tender new legal theories for the first time." *Id*. "A motion to reconsider cannot be used to raise arguments which could have been raised prior to the issuance of judgment." *Raimondo v. Hood*, 2:17-04254-CV-C-NKL, 2018 WL 3946543, at *2 (W.D. Mo. Aug. 16, 2018). Though Plaintiff raises this vicarious admission theory for the first time in his present motion, the Court recognizes that Doe ceased being a party opponent six weeks after the parties completed briefing on their cross-motions for summary judgment and just a week before the Court's ruling thereon. As such, the Court will exercise its discretion to review the merits of Plaintiff's motion. Ultimately, however, the Court arrives at the same conclusion.

Rule 801(d)(2)(D) creates a hearsay exception for statements offered against an opposing party and made by the party's agent on a matter within the scope of that relationship. When offered under this subsection, the "statement must be considered but does not by itself establish … the existence or scope of the relationship." Fed. R. Evid. 801(d)(2). This exception applies when the record contains independent evidence that (1) an agency relationship existed and (2) the statement was made within the scope of that relationship. *United States v. Portsmouth Paving Corp.*, 694 F.2d 312, 321 (4th Cir. 1982). Plaintiff asserts that such evidence was before the Court here in the form of Penrod's affidavit and earlier suppression hearing testimony, in which Penrod averred

that he learned of the drugs in Plaintiff's house from a confidential informant. In short, Plaintiff alleges that Doe was authorized to conduct warrantless searches on behalf of a government official.

Though newly framed within Rule 801(d)(2)(D), Plaintiff's central premise is not new. Plaintiff asserted this theory in his motion for summary judgment, and it remains unavailing, as the record still lacks sufficient evidence to raise a fact question whether Doe acted as Penrod's agent when she searched Plaintiff's residence. Plaintiff did not advance this theory in his underlying criminal case, and the Magistrate Judge specifically found that Penrod had merely received a tip from an informant and later asked for "fresher" information. Neither the Magistrate Judge's findings nor the suppression hearing transcript invite an inference that Penrod instructed or encouraged Doe to search Plaintiff's house as his agent. Though the Court views the facts in the light most favorable to the non-movant, Plaintiff still must support his allegations with sufficient probative evidence that would permit a finding in his favor based on more than mere speculation or conjecture. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The record lacks independent evidence that an agency relationship existed, so Doe's statements in Plaintiff's affidavit are not admissible under Rule 801(d)(2)(D).

Additionally, Plaintiff asserts that Doe's statements are admissible under Fed. R. Evid. 803(1), creating the hearsay exception for present-sense impressions. This rule provides that a statement describing an event while or immediately after the declarant perceived it is not excluded by the rule against hearsay. *United States v. Dean*, 823 F.3d 422, 427 (8th Cir. 2016). "The underlying rationale of the present sense impression

4

exception is that substantial contemporaneity of event and statement minimizes unreliability due to defective recollection or conscious fabrication." *Id*. As a typical example, this exception is often invoked to admit statements contained in 911 calls. *See id*. at 427-428. Doe's alleged statements to Plaintiff in ordinary conversation were not contemporaneous impressions and therefore do not qualify for this exception.

Finally, the Court wishes to address Plaintiff's perception of a double standard given that Doe's statements to Penrod were admissible to establish probable cause for the search of Plaintiff's residence, yet her statements to Plaintiff are inadmissible to support his §1983 claim. While the Court understands Plaintiff's confusion, the law simply treats the two contexts differently. As discussed above, the existence and scope of an agency relationship must be established by independent evidence; hearsay by the alleged agent herself is insufficient. *Portsmouth Paving*, 694 F.2d at 321. Conversely, for the issuance of a search warrant, an "affidavit that relies on hearsay is sufficient to support a finding of probable cause if there is a substantial basis for crediting the hearsay." *State v. Baker*, 103 S.W.3d 711, 720 (Mo. 2003). Courts give great deference to the initial judicial determination of probable cause made at the time of the issuance of the warrant. *Id*.

The Court finds no reason to revise its previous order.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration is **DENIED**. ECF No. 58.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of November, 2018.